**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT HECK, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADIDAS AMERICA, INC.,<br><br>Defendant. | Civil Action No. |

## NOTICE OF REMOVAL

Defendant adidas America, Inc. ("adidas"), by and through its undersigned counsel, hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 of the removal of the above-captioned action from the Court of Common Pleas, Luzerne County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania. As grounds for removal, adidas states as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. On or about June 19, 2026, Plaintiff Robert Heck ("Plaintiff") filed a Complaint – Class Action (hereinafter the "Complaint"), against adidas in the Court of Common Pleas, Luzerne County, Pennsylvania, captioned *Robert Heck, individually and on behalf of others similarly situated v. Adidas America, Inc.*, Case ID: 202607420 (hereinafter the "State Court Action").

2. On July 2, 2026, Plaintiff served adidas with a copy of the Complaint. A true and correct copy of all process, pleadings, and orders served upon adidas in the State Court Action is attached as Exhibit A.

3. Plaintiff's Complaint was the first pleading filed by Plaintiff and received by adidas that set forth the claims for relief upon which Plaintiff brings this action against adidas.

4. This Notice of Removal has been timely filed within 30 days of adidas' receipt of the Complaint. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that the 30-day period for removal runs from the service of the summons and complaint).

5. In the Complaint, Plaintiff claims that adidas violated the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*., by "failing to pay Plaintiff and Putative Class Members overtime wages for time associated with the pre-shift activities …and as a result of its unlawful time-rounding policy[.]" Compl. at ¶ 37.

6. Adidas has not yet responded to the Complaint. Adidas' and Plaintiff's counsel have agreed to a 30-day extension for adidas to answer, move or otherwise respond to the Complaint when the case was pending in state court.

## II. THE COURT HAS ORIGINAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

7. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part in 28 U.S.C. § 1332(d)(2).

9. CAFA provides for federal subject matter jurisdiction over class actions in which: (1) any member of a class of plaintiffs is a citizen of a State different from any defendant; (2) the aggregate number of putative class members is at least 100; and (3) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5).

10. All requirements for jurisdiction under CAFA are satisfied in this case based on Plaintiff's allegations and prayer for relief, and no exception to the exercise of federal jurisdiction applies. Therefore, removal of the State Court Action is proper.

### A. Complete Diversity of Citizenship Exists.

11. To satisfy CAFA's diversity requirement, a party seeking removal must establish only that minimal diversity exists—*i.e.*, that one putative class member is

a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2). Here, the parties are completely diverse and thus CAFA's minimal diversity requirement is necessarily satisfied.

***i. Plaintiff is a citizen of Pennsylvania.***

12. For diversity purposes, a person is a "citizen" of the state in which he is domiciled, and residence alone is enough to establish a presumption of domicile. *See Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 515 (E.D. Pa. 2007) (citizenship and domicile are equivalent for diversity purposes); *Capato v. Astrue*, No. 08-5405, 2010 WL 1076522, at *6 (D.N.J. Mar. 23, 2010) (residency establishes a presumption of domicile) (citing *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941)).

13. In the Complaint, Plaintiff admits to residing in Pennsylvania. *See* Compl. at ¶ 1. Thus, he should be construed to be a citizen of the Commonwealth of Pennsylvania.

***ii. adidas America, Inc. is not a citizen of Pennsylvania.***

14. Adidas was incorporated under the laws of the state of Oregon, with its principal place of business in Portland, Oregon. *See* Compl. at ¶ 2. *See also* https://careers.adidas-group.com/locations/headquarters/portland?locale=en.[1]

[1] *See* Fed. R. of Evid. 201(b)(2) (judicial notice may be taken when fact is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Cleary v. Avature, Inc.*, 560 F. Supp. 3d 851, 853 (E.D. Pa. 2021).Therefore, for the purposes of jurisdiction under CAFA, adidas is a citizen of Oregon and holds citizenship diverse from that of Plaintiff. 28 U.S.C. § 1332(d)(10).***Complete Diversity Exists.***

17. Accordingly, because CAFA requires only minimal diversity, and complete diversity necessarily satisfies that requirement, federal jurisdiction under CAFA is proper.

**B. The Putative Class Has More Than 100 Members.**

18. Removal under CAFA is appropriate where there are at least 100 members of all proposed classes in the aggregate. *See* 28 U.S.C. § 1332(d)(5)(B).

19. Plaintiff alleges, "[t]he class . . . estimate[d] at approximately five hundred (500) individuals, *is so numerous that joinder of all class members is impracticable*." Compl. at ¶ 27 (emphasis added).

20. Based on Plaintiff's definition of the Putative Class, which includes "all individuals employed by Defendant at the DTCE facility who were paid an hourly wage at any time over the past three (3) years[,]" Compl. at ¶ 25, and a review of adidas' business records, there are well in excess of 100 employees that fall within the scope of that definition. *See* Declaration of Alicia Wickstrom, Exhibit B, at ¶ 3.

21. Accordingly, the second jurisdictional requirement under CAFA is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

**C. The Amount in Controversy Exceeds CAFA's Requirements.**

22. Although adidas denies Plaintiff's factual allegations that Plaintiff and/or the Putative Class are entitled to the relief requested, or that a class properly could be certified, Plaintiff's allegations and prayer for relief put into controversy an amount that plausibly exceeds the $5,000,000 threshold for CAFA jurisdiction.

23. Plaintiff's Complaint does not state the monetary amount he seeks in damages.

24. Where a plaintiff does not expressly plead a specific damage amount, as in the present case, a notice of removal under CAFA "need not contain evidentiary submissions," but merely a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 88 (2014); *see also Frederico v. Home Depot*, 507 F.3d 1888, 197 (3d Cir. 2007) (holding that where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case is to be remanded only if it "appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount"); 28 U.S.C. § 1446(a) (requiring only a "short and plain statement of the grounds for removal").

25. Adidas' burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee*, 574 U.S. at 88. "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted). This statement is consistent with the Third Circuit historically applying a "liberal" standard when determining if the amount in controversy is satisfied for purposes of diversity jurisdiction. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2003).

26. In the Complaint, Plaintiff seeks the following types of relief, among others: (i) "unpaid overtime compensation"; (ii) "[p]rejudgment interest;" (iii) "[l]itigation costs, expenses, and reasonable attorneys' fees;" and (iv) "[s]uch other and further relief as this Court deems just and proper." *See* Compl. Prayer for Relief.

27. Because purported unpaid wage damages will continue to accrue up to judgment in this matter, it is reasonable to add an additional year and a half to the liability period. *Roundtree v. Primeflight Aviation Servs.*, Civ. A. No. 16-9609 (CCC), 2017 U.S. Dist. LEXIS 118400, at *16 (D.N.J. July 28, 2017) (adding two years' worth of potential liability involving a four-year statute of limitations); *Alegre*

*v. Atl. Cent. Logistics*, 15-2342, 2015 U.S. Dist. LEXIS 100214, at *9-10 (D.N.J. July 31, 2015) (citing *Chabal v. Reagan*, 822 F.2d 349, 356 (3d Cir. 1987)) (same).

28. Specifically, adidas estimates that its employees who are encompassed in Plaintiff's definition of Putative Class Members worked a total of approximately 82,626 workweeks[2] at an average hourly overtime pay rate[3] of $30.89 during the relevant time period (extrapolated through a year and a half after service of the Complaint). *See generally* Exhibit B, at ¶ 4.

29. The Putative Class Members generally worked 5 shifts per week.[4] *See* Declaration of Cindy Scovish, Exhibit C, at ¶ 3.

***i. Total Unpaid Wages in Controversy.***

30. Plaintiff seeks to recover purportedly unpaid overtime compensation for the alleged failure to pay Plaintiff and other Putative Class Members for time associated with securing their belongings and retrieving nametags from their lockers, clocking in at the timeclock, waiting in line for and passing through security

---

[2] To determine the number of workweeks for the Putative Class, the weekly payroll data for the defined Putative Class for pay periods between June 20, 2023 through July 17, 2026 was reviewed.

[3] To estimate the average rate of pay for the Putative Class, the base hourly rates of pay for the defined Putative Class between June 20, 2023 through July 17, 2026 was reviewed and an average of those pay rates was taken. Based on that base rate of pay average, which equated to $20.595, an average overtime premium rate was calculated by multiplying the average regular rate by 1.5, or $30.89.

[4] A review of the payroll data provides that the putative class worked approximately 55,084 workweeks between June 20, 2023 through July 17, 2026.

scanners, and walking "often considerable distances for several minutes" to their workstations. *See* Compl. at ¶¶ 16, 20.

31. Plaintiff's Complaint does not state the specific and full amount of time for which he believes he was not compensated in accordance with the PMWA. *See generally* Compl. However, Plaintiff does state that it "generally takes…between 3 and 5 minutes to walk from Defendant's timeclocks to their workstations[.]" *Id*. at ¶ 19. Logically, the same would be true at the end of the shift, as well as at the beginning of the shift. According to Plaintiff, that time is "rounded away" and therefore is not paid. *See id*. at ¶¶ 21, 28.

32. Plaintiff also asserts that he, "like Defendant's other hourly employees at the DTCE Facility, regularly worked/work over 40 hours per week, are regularly scheduled to work overtime." *Id*. at ¶ 10. In light of those allegations, it is reasonable to infer that the purported uncompensated time referenced in the Complaint would be overtime hours worked. Compl. at ¶ 22.

33. Based on a reasonable reading of Plaintiff's factual averments, including the allegation it took up to 5 minutes to walk from the timeclock to a workstation (and logically the same amount of time walking form the workstation to the timeclock at the end of the shift), the Complaint could be reasonably read to allege uncompensated time of at least 20 minutes per shift. This accounts for all of Plaintiff's purportedly uncompensated activities, including securing their

belongings and retrieving nametags from their lockers, clocking in/out at the timeclock, waiting in line for and passing through security scanners and walking. *See id*. at ¶¶ 16, 20.

34. When taking into account the average rates of pay and number of workweeks and shifts worked during the relevant time period for the individuals subsumed in Plaintiff's defined Putative Class, the alleged unpaid wages sought by Plaintiff equates to approximately a value of $4,254,102.04. In other words, when multiplying the estimated average hourly overtime rate ($30.89), by an estimate of minutes of purported unpaid work per workweek (assumed to be all triggering overtime pay), by the estimated number of workweeks (82,626), the alleged unpaid wages sought by Plaintiff approximates $4,254,102.04.

***ii. Total Litigation Costs, Expenses, and Attorneys' Fees.***

35. In addition to the alleged unpaid wages sought by Plaintiff, he also seeks the recovery of attorneys' fees and prejudgment interest. *See* Compl. at Prayer for Relief.

36. In assessing whether the amount in controversy is met, the Court should include any such award of attorneys' fees, which could range from 27% to 30% of the total judgment. *See, e.g., Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 227 (3d Cir. 2019) (noting that attorneys' fees "count for CAFA's amount-in-controversy threshold"); *see also Lohr v. United Fin. Cas. Co.*, No. 09-752, 2009 WL 2634204,

at *6, n.3 (W.D. Pa. Aug. 25, 2009) (recognizing that attorneys' fees may be included in calculations for amount in controversy under CAFA and that median range for attorneys' fees in class actions is 27% to 30%).

37. Between the alleged unpaid wages, as well as attorneys' fees (of 27% or 30%), the amount in controversy for removal purposes only is in excess of the $5,000,000 CAFA threshold.

## III. NO EXCEPTION TO CAFA APPLIES BECAUSE ADIDAS IS DIVERSE

38. CAFA provides for two primary exceptions to the exercise of federal jurisdiction — the "home-state" and "local controversy" exceptions. *See* 28 U.S.C. § 1332(d)(4)(A)-(B).

39. The "home-state" exception may apply where, *inter alia*, the primary defendants are citizens of the state in which the class action was originally filed. *See* 28 U.S.C. § 1332(d)(4).

40. The "local controversy" exception applies where, *inter alia*, at least one defendant is a defendant: (i) from whom significant relief is sought by members of the plaintiff class; (ii) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (iii) who is a citizen of the state in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(A)(i).

41. Here, as noted above, adidas America, Inc. is not a citizen of the Commonwealth of Pennsylvania. Thus, neither the "home state" nor the "local controversy" exception to CAFA removal apply in this case.

## IV. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

42. By reason of the foregoing and pursuant to 28 U.S.C. § 1441(b) and (c), adidas desires and is entitled to have this case removed from the Court of Common Pleas of Luzerne County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania.

43. This Court is the proper venue for removal because the State Court Action is pending in the Court of Common Pleas, Luzerne County, Pennsylvania, and the United States District Court for the Middle District of Pennsylvania is the "district embracing the place where such action is pending." 28 U.S.C. § 1441(a); 28 U.S.C. § 118.

44. In accordance with 28 U.S.C. § 1446(d), adidas will promptly file a copy of this Notice of Removal with the Court of Common Pleas, Luzerne County and provide written notice of this filing of this Notice of Removal to Plaintiff's counsel of record.

## V. ADIDAS' RESERVATION OF RIGHTS AND DEFENSES

45. By filing this Notice of Removal, adidas does not waive any available rights or defenses which may be available to it. In addition, nothing contained in this

Notice of Removal is to be interpreted as a concession of the amount of time at issue with respect to any of the Putative Class Members' alleged pre-shift and post-shift activities.

**WHEREFORE,** adidas America, Inc. respectfully requests that this case be removed to the United States District Court for the Middle District of Pennsylvania, that this Court accept jurisdiction of this action, and that this action be henceforth placed on the docket of the Court for all further proceedings as though the same action had been originally instituted and commenced in this Court.

Dated: July 30, 2026

*/s/Andrea M. Kirshenbaum*

Andrea M. Kirshenbaum
akirshenbaum@littler.com

LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
Telephone: 267.402.3000
Facsimile: 267.402.3131

Christian A. Angotti
cangotti@littler.com

LITTLER MENDELSON, P.C.
One PPG Pl., Suite 2400
Pittsburgh, PA 15222
PH: 412.201.7623
FAX: 412.456-2377

*Attorneys for Defendant*
*adidas America, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2026, a true and correct copy of the foregoing Notice of Removal was served via email and first-class U.S. mail, postage prepaid, upon the following counsel of record:

Michael Groh
Michael Murphy
**Murphy Law Group, LLC**
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
Telephone: 267-273-1054

*Plaintiff's Counsel*

By: *Andrea M. Kirshenbaum*
Andrea M. Kirshenbaum